12-3265
Zheng v. Holder

BIA
A078 221 280

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of September, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

YU GUAN ZHENG,
> *Petitioner*,

v.                                          **12-3265**
                                            **NAC**

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:             Mouren Wen, New York, New York.

**FOR RESPONDENT:**     **Stuart F. Delery, Acting Assistant Attorney General, Civil Division; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Margot L. Carter, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yu Guan Zheng, a native and citizen of China, seeks review of a July 27, 2012 decision of the BIA denying his motion to reconsider the denial of his motion to reopen his removal proceedings.  *In re Yu Guan Xheng*, No. A078 221 280 (B.I.A. July 27, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

As Zheng timely petitioned for review of only the BIA's denial of his motion for reconsideration of its earlier denial of his motion to reopen, we are precluded from considering the merits of the underlying motion to reopen and removal proceedings.  *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).  We have reviewed the denial of Zheng's motion to reconsider for abuse of discretion.  *See id.*; *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).  A motion to

2

reconsider must "specify the errors of law or fact in the [challenged BIA decision] and [] be supported by pertinent authority." *See* 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001).

On appeal, Zheng has not challenged the BIA's dispositive finding that he did not show changed country conditions necessary to excuse the untimely filing of the motion to reopen. A motion to reopen must be filed with the BIA no later than 90 days after the date on which the final administrative decision was rendered, *see* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2), unless it is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Zheng asserted in his motion to reopen that he has become a practitioner of Falun Gong. Such a conversion constitutes changed personal circumstances, not changed country conditions, and is therefore insufficient to excuse the untimely filing of his motion to reopen. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (noting that "self-induced change[s] in personal circumstances" do not suffice to demonstrate changed country

3

conditions). The agency's finding that conditions in China for Falun Gong practitioners has not changed is supported by the record. *See Matter of S-Y-G*, 24 I&N Dec. 247, 258 (B.I.A. 2007). Accordingly, the agency did not abuse its discretion in denying Zheng's motion to reopen as untimely.

Zheng's additional arguments are without merit. While Zheng asserts that the BIA erred in declining to reconsider its finding that Zheng's evidence failed to show that he would face harm on account of his new Falun Gong practice, the weight accorded to various pieces of evidence lies largely within the agency's discretion, *see Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). The agency did not abuse its discretion by according little weight to unsworn statements from interested parties. *See Matter of H–L–H & Z–Y–Z–*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4